UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                    CASE NO. 2:18-CR-20010-005

CHRISTOPHER MITCHELL HARBOUR                                      DEFENDANT

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now, Russell A. Wood for Defendant, Christopher Harbour, and states:

That pursuant to the Court's request, Attorney for Defendant anticipates the length of time for the hearing to be **45 minutes** and testimony will be presented by Defendant, with statements of counsel and Defendant.

## PRE-SENTENCE INVESTIGATION REPORT

1. That the Pre-Sentence Screening Report filed by the probation officer in this case was received by this attorney and reviewed by the Defendant. The Government and Defendant subsequently agreed that Defendant was responsible for 300g – 350g which is a base offense level of 28, with a criminal history Category of I. The guideline imprisonment range is **46 to 57 months**.

## DEFENDANT'S TESTIMONY

2. Defendant will testify about his undiagnosed thyroid condition and how it impacted his life for years, including self-medication with drugs.

## DISCUSSION OF THE LAW

3. Pursuant to the decision in United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C.

3553 (a), Defendant moves the Court to impose a sentence that is "sufficient but no greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. 3553(a)(2). *See Also*, United States v. Spigner, 416 F. 3d 708, 711 (8th Cir.205)("[t]he court shall impose a sentence sufficient, but not greater than necessary, to account for the nature and seriousness of the offense, provide just punishment, deter criminal conduct, protect the public, and avoid sentencing disparities.") **Mr. Harbour asserts that both his and the community's needs can be met with a sentence of 30-36 months.**

As the Court is well aware, district courts are now free from mandatory nature of the Federal Sentencing Guidelines. *See,* United States v. Booker, 543 U.S. 220 (2005), and Spears v. United States, 129 S. Ct. 840 (2009). The Supreme Court's latest decisions emphasize that district courts have wide discretion to fashion an appropriate sentence and that courts of appeal will not disturb these sentences absent an abuse of discretion Gall v. United States, 522 U.S.C. 38 (2007)(finding a variance to probation of a drug offender reasonable); Kimbrough v. United States, 522 U.S. 85 (2007)(holding that the Sentencing Guidelines are merely advisory in every respect; judges are free to disagree with them and sentence individuals reasonably).

4. In determining if a DOWNWARE VARIANCE is to be granted in this particular case and in determining the minimally sufficient sentence, 3553(a) directs sentencing courts to consider the following factors:

(A) The nature and circumstances of the offense and the history and characteristics of the defendant;

(B) The need for the sentence imposed:

1. To reflect the seriousness of the offense; to promote respect for the law; and to Provide just punishment for the offense;
2. To afford adequate deterrence to criminal conduct;
3. To protect the public from further crimes of the defendant; and

  4. To provide the defendant with the needed educational or vocational training.

 (C) The kinds of sentences available.

 (D) The guidelines promulgated by the Sentencing Commission;

 (E) Any pertinent policy statement issued by the Sentencing Commission;

 (F) The need to avoid unwarranted sentencing disparities among similarly situated defendants; and

 (G) The need to provide restitution to the victims. *Id*.

A sentencing judge must consider all of the factors to determine whether they support the sentence requested by a party. Gail v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007). The Guidelines are only a starting point and benchmark, not the only consideration. *Id*. There must not be a presumption that the Guidelines range is reasonable on its face. *Id*.

## REQUEST FOR A DOWNWARD VARIANCE

5. The Sentencing Guidelines in this case call for a sentence of **46-57 months**, however the circumstances set forth above warrant a sentence of **30-36 months**. A sentence of this magnitude would not only serve Mr. Harbour's best interest but also, (1) serve as deterrent for other similarly situated criminals, (2) protect the public, and (3) reflect the seriousness of said offense.

## CONCLUSION

6. The Defendant respectfully requests, for the aforementioned reasons, that the Court grant His variance request and sentence her to a term of **30-36 months**.

Respectfully submitted,

CHRISTOPHER HARBOUR

By /s/  Russell A. Wood
    Russell A. Wood (#2001137)
    **Wood Law Firm, P.A.**
    501 East 4th Street, Ste. #4
    Russellville, AR 72801
    Phone: (479) 967-9663
    Fax: (479) 967-9664
    woodlaw@suddenlinkmail.com
    Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Candace Taylor

candace.taylor@usdoj.gov

I hereby certify that on this    day of        , 2019, I presented the foregoing to the Clerk of the Court for filing using the CM/ECF system, and I mailed the documents by United States Postal Service to the following non CM/ECF participants:

None

      /s/  Russell A. Wood
    Russell A. Wood (#2001137)
    **Wood Law Firm, P.A.**
    501 East 4th Street, Ste. #4
    Russellville, AR 72801
    Phone: (479) 967-9663
    Fax: (479) 967-9664
    woodlaw@suddenlinkmail.com